**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FIRST NATIONAL BANK AND TRUST COMPANY OF ROCHELLE, ILLINOIS,<br><br>Plaintiff,<br><br>v.<br><br>THE MCGRAW-HILL COMPANIES, INC., STANDARD & POOR'S FINANCIAL SERVICES, LLC, STANDARD & POOR'S RATINGS SERVICES, and MOODY'S CORP., MOODY'S INVESTORS SERVICE, INC.,<br><br>Defendants. | ) | No. 2013-cv-05693<br><br>Judge Rebecca R. Pallmeyer |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION TO AMEND THEIR MOTION TO DISMISS**

Defendants McGraw Hill Financial, Inc. (f/k/a The McGraw-Hill Companies, Inc.) ("McGraw Hill"), Standard & Poor's Financial Services, LLC ("S&P"), and Moody's Corporation and Moody's Investors Service, Inc. (together, "Moody's," and, with McGraw Hill and S&P, the "Defendants" or the "Rating Agencies"), by their undersigned attorneys, respectfully submit this memorandum of law in support of their motion to amend their motion to dismiss the First Amended Complaint ("FAC") of Plaintiff First National Bank & Trust Company of Rochelle, Illinois ("FNBR").

## PRELIMINARY STATEMENT

Two days ago, January 14, 2014, the United States Supreme Court handed down its decision in *Daimler AG v. Bauman*, 571 U.S. __, 2014 WL 113486 (2014). The decision marked an important change in the law of federal due process limits on personal jurisdiction over out-of-state corporations, holding that an exercise of general jurisdiction is narrowly limited – in all but

the "exceptional" case, to a corporation's state of incorporation and principal place of business. Moreover, the Court made clear that this analysis does not turn solely on a defendant's contacts with the forum, but rather that these contacts must be assessed in light of the defendant's overall operations. This broader mode of analysis, which is contrary to the heretofore-established practice in this district, makes clear that none of the defendants here is at "home" in Illinois. And, as no facts have been pled (nor could they be) showing that the alleged actions giving rise to plaintiff's claims took place in Illinois so as to support specific jurisdiction, *Daimler* compels dismissal (in addition to the grounds already stated in Defendants' current briefing).

Accordingly, Defendants herein request that the Court grant them leave to amend their previously filed Rule 12 motion to add this additional ground. Courts in this district (and elsewhere) have routinely recognized that it is an appropriate exercise of the Court's discretion to allow such an amendment, at least where (as here) the Court has not decided the motion and the opposing party is not deprived of an opportunity to respond. Defendants have brought this request to the Court's attention promptly and in good faith, and no prejudice will ensue to plaintiff. Thus, Defendants respectfully request that the Court allow the requested amendment and supplemental briefing thereon.[1]

## ARGUMENT

### I. THIS COURT HAS DISCRETION TO ALLOW AMENDMENT OF DEFENDANTS' RULE 12 MOTION

It is well-established, among the courts of this district as well as other districts and courts of appeal, that district courts have the discretion to allow a party to amend a previously filed Rule 12 motion to assert a ground not initially included:

[1] Subject to the Court's approval, Defendants suggest that they and plaintiff confer and agree upon a proposed briefing schedule.

> Although the Federal Rules of Civil Procedure do not specifically provide for amendment of Rule 12 motions prior to disposition, it is well settled that a party may be allowed to amend a Rule 12 motion to dismiss to add grounds for dismissal before the motion has been ruled on, if the amendment is made promptly and the opposing party is given adequate opportunity to respond to the new grounds.

*Rodriguez v. City of Milwaukee*, 1995 WL 704760, at *2 (N.D. Ill. 1995); *see Cross v. Simons*, 729 F. Supp. 588, 590 n.1 (N.D. Ill. 1989); *Friedman v. World Trans., Inc.*, 636 F. Supp. 685, 688 (N.D. Ill. 1986); *Roller Derby Assocs. v. Seltzer*, 54 F.R.D. 556, 557 (N.D. Ill. 1972); *see also Bechtel v. Liberty Nat'l Bank,* 534 F.2d 1335, 1341 (9th Cir. 1976); *MacNeil v. Whittemore*, 254 F.2d 820, 821 (2d Cir. 1958); *Seal v. Riverside Fed. Sav. Bank*, 825 F. Supp. 686, 692 n.10 (E.D. Pa. 1993).

An amendment to a pending motion prior to disposition is not deemed a successive Rule 12 motion that would run afoul of Rule 12(g)(2). *See Seal*, 825 F. Supp. at 692 n.10 ("[W]here defendant raised the new ground for dismissal in due time for the court to consider both motions simultaneously, and plaintiff has had adequate opportunity to respond to the new ground, there is no concern of piecemeal motions practice"); *Roller Derby*, 54 F.R.D. at 557. Similarly, as an allowed amendment to the first motion, even defenses otherwise subject to waiver under Rule 12(h)(1) – including lack of personal jurisdiction – may be asserted. *See Rodriguez,* 1995 WL 704760, at *1-2 (personal jurisdiction); *Cross*, 729 F. Supp. at 590 n.1 (same); *Friedman*, 636 F. Supp. at 687-88 (improper venue); *see also* Wright & Miller, *Federal Practice & Procedure* § 1389 ("[F]ederal courts have expressed the opinion that the spirit of the federal rules counsels against the mechanical waiver of jurisdictional and procedural rights that have been inadvertently omitted, so long as the adverse party is not prejudiced by the amendment and no delay results in the prosecution and determination of the case.").

Courts have, therefore, consistently held that amendment is appropriate where two requirements are met: (1) that the amendment precede the Court's disposition of the motion; and (2) that the opposing party be afforded adequate opportunity to respond. *See Cross*, 729 F. Supp. at 590 n.1 ("Such an amendment [to assert lack of personal jurisdiction] was properly allowed given that the court had not yet ruled on the defendants' motion to dismiss and that the plaintiff was given an opportunity to respond to the newly asserted defense."). Both thresholds are easily met here. This motion is being asserted simultaneously with the completion of briefing on the original motion; the Court has not even had (or scheduled) oral argument yet, much less decided the motion. And there is no barrier to affording plaintiff a full opportunity to respond to Defendants' arguments, thus avoiding any possible prejudice.

To the extent prior cases have required "prompt" amendment, that requirement is also satisfied here. Defendants have filed this motion immediately following the decision in *Daimler*, and simultaneously with their reply brief on the grounds originally asserted in their motion to dismiss. Nor need there be any significant delay engendered by the amendment. Although Defendants suggest that the parties confer to agree upon a supplemental briefing schedule, Defendants are prepared to submit their opening brief within twenty days of the Court's granting leave to amend.

Finally, although prior authority does not necessitate an inquiry into the reason for the amendment or a demonstration of its merit, Defendants likewise meet any such threshold. As discussed in the next section, it is clear that *Daimler* has rewritten the law of personal jurisdiction in such a way as to make the lack of personal jurisdiction over Defendants apparent. Defendants seek only in good faith to ask this Court to apply the law as it now stands and to determine if this Court is constitutionally empowered to adjudicate this dispute (although

Defendants have amply demonstrated the inadequacy of FNBR's complaint on the merits as well). Absent any demonstrable prejudice to plaintiff, the spirit of the federal rules favors such adjudication on the merits.

## II. *DAIMLER* SIGNIFICANTLY CHANGED THE LAW OF PERSONAL JURISDICTION AND MAKES CLEAR THE LACK OF JURISDICTION OVER PLAINTIFF'S CLAIMS

As the Court is aware, the Due Process clause of the Fourteenth Amendment limits a state's extension of personal jurisdiction over nonresident defendants (and, by extension, that of a federal court sitting in that state). Jurisdiction falls into two categories: "specific jurisdiction," in which jurisdiction "aris[es] out of or relate[s] to the defendant's contacts with the forum," and "general jurisdiction," in which a corporation's forum contacts are "so substantial and of such a nature as to justify suit against it on cause of action arising from dealing entire distinct from those activities." *Daimler*, 2014 WL 113486, at *7 (quotations omitted).

The suit in *Daimler* was filed in the Northern District of California, and asserted claims against Daimler AG, a German corporation, for torts allegedly committed by its Argentine subsidiary. *Id.* at *4. Plaintiffs did not attempt to demonstrate specific jurisdiction over Daimler; rather, plaintiffs argued that Daimler was subject to general jurisdiction based primarily on the extensive California contacts of its indirect subsidiary, Mercedes-Benz USA, LLC ("MBUSA"). *See id.* at * 10. As is relevant here, the Ninth Circuit sustained jurisdiction over Daimler by attributing the contacts of MBUSA (which Daimler conceded would be subject to general jurisdiction in California) to Daimler itself under an agency theory. *See id.*

The Supreme Court reversed. While expressing doubts over the Ninth Circuit's agency theory, the Court held that even assuming general jurisdiction would have been appropriate over MBUSA, and even imputing MBUSA's contacts to Daimler, "there would still be no basis to

subject Daimler to general jurisdiction in California, for Daimler's slim contacts with the State hardly render it at home there." *Id.* at *11.[2] The inquiry, said the Court, is "not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State." *Id.* (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)). Daimler was neither incorporated in nor had its principal place of business in California. The Court held that if its California-related activities sufficed, "the same global reach would presumably be available in every other State in which MBUSA's sales are sizable," a result the Court deemed an "exorbitant exercise" of jurisdiction. *See id.* at *12.

Two key points stand out in *Daimler*. First, a corporation's place of incorporation and principal place of business are the "paradigm … bases for general jurisdiction," *id.* at *11, and only in the "exceptional case" would any other forum suffice, *see id.* n.10. Second, it is not sufficient for a court to focus on the corporation's contacts with the forum; rather, general jurisdiction "calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide" because "a corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* at *12 n. 20. Thus, even "continuous and systematic" contacts with the forum cannot suffice if, when viewed relative to the corporation's overall activities, they do not rise to the level of making the corporation "at home" there. As the Court put it, the "continuous and systematic" formula is "unacceptably grasping." *Id.* at *11.

---

[2] These "slim contacts" included (imputing MBUSA to Daimler) "multiple California-based facilities, including a regional office," 2014 WL 113486, at *5, and 2.4% of Daimler's worldwide sales, or some $4.6 billion, *see id.*; *id.* at *16 (Sotomayor, J., concurring).

These points represent a significant shift in the Court's general jurisdiction jurisprudence, and certainly represent a sea change versus the law heretofore applied in this district. The courts of this district have typically applied a five-factor test for general jurisdiction, one in which each of the factors is an assessment of a corporation's contacts with Illinois. *See, e.g.*, *Wells Fargo Bank, N.A. v. RLJ Lodging Trust*, 2013 WL 5753805, at *4 (N.D. Ill. Oct. 23, 2013). *Daimler* makes clear that such a forum-limited analysis is no longer proper. Courts in this district have looked at these factors to determine whether the corporation's activities are "continuous and systematic," *see id.,* but as noted *Daimler* rejects such a standard as "unacceptably grasping." Finally, *Daimler*'s admonition that general jurisdiction outside of a corporation's place of incorporation or principal place of business would only be appropriate in an "extraordinary" case is a higher standard than the courts of this district have heretofore applied.[3]

Although it is not Defendants' intent to argue the merits of their jurisdictional defenses herein, it is apparent that general jurisdiction over them is simply unavailable after *Daimler*. None of the Defendants is either incorporated in or has its principal place of business in Illinois. And their activities within Illinois, while perhaps in some sense "continuous," are so minor in relation to their overall activities that these activities could not possibly support a conclusion that the defendants are "at home" in Illinois – unless such "home" were found in numerous states (which *Daimler* forbids). Thus, whatever the possible arguments that might have existed for general jurisdiction under prior law, *Daimler* has made them untenable. And, as FNBR has utterly failed to plead (nor could it plead) any facts demonstrating that defendants' Illinois activities gave rise to its claims, specific jurisdiction is likewise lacking.

[3] The court in *Wells Fargo* stated that the test for general jurisdiction is equivalent to the "doing business standard" under Illinois law. *See* 2013 WL 5753805, at *4. *Daimler*, however, expressly rejected the notion that "at home" is "synonymous with 'doing business' tests." 2014 WL 113486, at *12 n.20.

In sum, then, *Daimler* has shifted the law of general jurisdiction in a substantial, and dispositive, way. Defendants have moved promptly to ask this Court to apply that new law, and plaintiff can in no way be prejudiced thereby. Allowing leave to amend is fully consistent with the Federal Rules' preference for early disposition of threshold questions and avoidance of reliance on technical bars in favor of resolution on the merits. Accordingly, Defendants respectfully request that their motion for leave be granted.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request leave to amend their motion to dismiss the First Amended Complaint to add the defense of lack of personal jurisdiction, and further request that the Court allow the parties to file supplemental memoranda of law solely to address this defense.

Dated: January 16, 2014

Respectfully submitted,

**MCGRAW HILL FINANCIAL, INC.; STANDARD & POOR'S FINANCIAL SERVICES, LLC; and MOODY'S CORPORATION; MOODY'S INVESTORS SERVICE, INC.**

By: /s/ Dawn M. Canty

Sheldon T. Zenner
Gil M. Soffer
Dawn M. Canty
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL 60661
Phone: (312) 902-5200
Fax: (312) 902-1061
sheldon.zenner@kattenlaw.com
gil.soffer@kattenlaw.com
dawn.canty@kattenlaw.com

Floyd Abrams
Susan Buckley
Jason M. Hall
CAHILL GORDON & REINDEL LLP
Eighty Pine Street
New York, New York 10005-1702
(212) 701-3000 (telephone)
(212) 378-2712 (facsimile)

***Attorneys for McGraw Hill Financial, Inc. and Standard & Poor's Financial Services, LLC***

By: /s/ Michael P. Kornak

Michael P. Kornak (#6237471)
FREEBORN & PETERS LLP
311 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
(312) 360-6000

James J. Coster
Joshua M. Rubins
Glenn C. Edwards
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue, 11th Floor
New York, New York 10169
Phone: (212) 818-9200
Fax: (212) 818-9606

***Attorneys for Moody's Corporation and Moody's Investors Service, Inc.***